UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                No.  19-CR-66-LTS

ANGEL REYES,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. Reyes' Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (Docket Entry No. 27), and the parties' subsequent briefing (Docket Entry Nos. 29 and 30).  Mr. Reyes seeks a reduction of his sentence to time served and release to an inpatient substance abuse treatment facility.  (Docket Entry Nos. 27 and 30.)

Mr. Reyes makes his application for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-179).[1]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-163).  As reflected in the transcript, the Court considered these factors in connection with Mr. Reyes' sentencing hearing on Oct. 24, 2019.  (Docket Entry No. 25, ("Sent. Tr.").)  Several of these factors remain unchanged.  The nature and circumstances of his offense remain very serious, as Mr. Reyes robbed a commercial establishment using the threat of a firearm.  (Id., at 16:18-20.)  Mr. Reyes' significant criminal

---

[1]   Mr. Reyes has exhausted his administrative remedies.  On April 3, 2020, Mr. Reyes sent a letter to the warden of MDC requesting compassionate release.  (Docket Entry No. 29, Exh. A.)  That request was denied on May 18, 2020.  (Id., Exh. B.)

record also necessarily remains unchanged.  (Id., at 17:17.)  However, also as before, his crime was committed in the context of a life that was marked by a traumatic kidnapping, ongoing substance abuse issues which date back to the age of 16 or 17 that were the immediate reason for the robbery, and ongoing serious mental health issues that, together with the substance abuse issues, were a focus of the Court's concern at the time of sentencing.  (Id., at 17:6-12.)  The Court varied downward from the Guidelines to sentence Mr. Reyes to 30 months of imprisonment, followed by 3 years of supervised release.  (Docket Entry No. 24.)  The Court recommended that the BOP afford Mr. Reyes an opportunity to participate in the RDAP program (Sent. Tr., at 24:14-16), and imposed special conditions of supervised release requiring that he participate in a long-term residential substance abuse and mental health treatment program, to be followed by outpatient substance abuse and mental health treatment for the remainder of the supervised release term in order, inter alia, to provide needed treatment in the most effective manner as well as to protect the public.  (Id., at 21:18-20; 22:6-8.)  The Court also recognized that Mr. Reyes had exhibited sincere remorse and made significant progress toward rehabilitation by the time of sentencing. (Id., at 17:21-25; 18:1-9.)

In support of his argument that the facts of his incarceration and the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction, Mr. Reyes argues that the circumstances of the implementation of his custodial sentence have changed from those anticipated at the time it was imposed, most importantly that he is confined in the MDC and the procedures implemented there by the BOP in response to the COVID-19 pandemic have resulted in the unavailability (or at least severely reduced availability) of substance abuse and mental health treatment, and confinement in circumstances that can

exacerbate, rather than support the treatment of, his mental health issues.[2]  Specifically, Mr. Reyes proffers that his MDC unit is locked down at all times, with the exception of thrice-weekly 15-minute showers.  (Docket Entry No. 30, at 4-5.)  He also proffers that he "has not seen any mental health providers for months," which has exacerbated his PTSD.  (Docket Entry No. 27, at 17.)[3]  For the following reasons, the Court finds that these circumstances present an extraordinary and compelling reason which warrants a sentence reduction to facilitate an earlier transition to the previously-ordered residential substance abuse treatment program.

In imposing Mr. Reyes' sentence, the Court balanced the need for punishment, incapacitation and general and specific deterrence with the clear need for rehabilitative treatment.  (Sent. Tr., at 18:10-19:8.)  Mr. Reyes suffers from PTSD, bipolar disorder, and substance abuse.  (Docket Entry No. 27, at 5-6.)  The Court found that a below-guidelines sentence was necessary to accomplish the statutory goals of deterrence and rehabilitation by providing for reentry preparation during the custodial term and by imposing a special condition of residential placement in a drug and mental health treatment facility.  (Sent. Tr., at 19:3-8.)  In fashioning the sentence, the Court also recommended that Mr. Reyes be afforded the opportunity

---

[2]  Mr. Reyes also argues that an extraordinary and compelling reason exists because, as a person who has Hepatitis C, he faces a heightened risk of complications from COVID-19, and because he has not been able to secure consistent access to his prescribed medications due to BOP restrictions imposed in response to the COVID-19 pandemic.  (Docket Entry No. 30, at 4-5.)  Because the Court finds that Mr. Reyes is entitled to relief on other grounds, the Court does not address these additional arguments.

[3]  The Government proffers that the BOP has no record of a request for counseling or drug treatment services by Mr. Reyes, and further argues that such services remain available to him upon his request.  (Docket Entry No. 29, at 3.)  However, Mr. Reyes remains at the MDC, where the range of counseling and treatment programming is limited even absent the pandemic, and RDAP is simply unavailable.  Accordingly, it does not appear that a request by Mr. Reyes for counseling can garner a response appropriate to the need for treatment that the Court determined required intensive attention during his custodial sentence.

to participate in the RDAP program during his time in custody.  (Id., at 20:1.)  That opportunity appears to have been precluded by Mr. Reyes' designation to the MDC, the COVID-19 pandemic and the measures the BOP has taken to mitigate the spread of the virus; none of those circumstances is likely to change before the arrival of Mr. Reyes' approaching April 6, 2021, release date.  At sentencing, the Court noted that Mr. Reyes' previous periods of incarceration had not served well the statutory goals of sentencing, and that the "different approach" of focusing on addressing Mr. Reyes' "longstanding substance abuse and mental health problems" was the most effective way of breaking that cycle to protect the public and provide for his rehabilitation.  (Id., at 18:22-19:13.)  However, due to the pandemic and the other circumstances described above, the custodial aspect of Mr. Reyes' sentence has not provided the opportunities for treatment and reentry preparation support that the Court had anticipated.  Mr. Reyes has served approximately 90 percent of the custodial term; the availability of a residential substance abuse and mental health treatment placement provides an opportunity to further the rehabilitative purposes of the sentence now, while maintaining a controlled supervision and treatment environment for Mr. Reyes.  (See Docket Entry No. 27, at 21.)

18 U.S.C. section 3553(a)(2)(D) requires the Court to impose a sentence that is sufficient but not greater than necessary to provide Mr. Reyes with "needed . . . medical care, or other correctional treatment in the most effective manner."  Requiring him to serve the remaining four months of his 30-month custodial sentence is not the most effective manner of achieving, and would, under the circumstances now presented, constitute a custodial sentence greater than necessary to achieve, the balance of statutory purposes struck by the original sentence.  For the foregoing reasons and having considered the facts in light of the section 3553(a) factors and goals, the Court finds that extraordinary and compelling reasons warrant reducing Mr. Reyes'

custodial sentence to **time served plus 14 days,** to facilitate direct transfer to the treatment facility.  A **special additional term of four months of supervised release, to be served in the residential facility,** is added pursuant to 18 U.S.C. section 3582(c)(1)(A), which will be **followed by the previously-imposed 36 month term of supervised release.**  The previously imposed mandatory, standard and special conditions of supervised release will apply during both the additional and previously-imposed supervised release terms.

Mr. Reyes' motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is granted as set forth above.  The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release).

This order resolves Docket Entry Number 27.

SO ORDERED.

Dated: New York, New York
January 4, 2021

                ___/s/ Laura Taylor Swain___
                LAURA TAYLOR SWAIN
                United States District Judge